UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LATINIA AND EUGENE DYKES, W&H** | : | |
| **1714 S. 19th Street** | : | |
| **Philadelphia, PA 19145** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action No.** |
| **vs.** | : | |
| | : | |
| **CHAMPION POWER EQUIPMENT, INC.** | : | **JURY TRIAL DEMANDED** |
| **10006 Santa Fe Springs** | : | |
| **Santa Fe Springs, CA 90670** | : | |
| **and** | : | |
| **COSTCO WHOLESALE CORPORATION** | : | |
| **999 Lake Drive** | : | |
| **Issaquah, WA 98027** | : | |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT

1.      Plaintiffs Latinia and Eugene Dykes are adult individuals and citizens and

residents of the Commonwealth of Pennsylvania, residing at 1714 S. 19th Street,

Philadelphia, PA 19145.

2.      Defendant Champion Power Equipment, Inc. ("Champion Power

Equipment") is believed to be a Californian Corporation with corporate headquarters

and principal place of business located at 10006 Santa Fe Springs Road, Santa Fe

Springs, CA 90670.

3.      Defendant Costco Wholesale Corporation is believed to be a Washington

Corporation with corporate headquarters and principal place of business located at 999

Lake Drive, Issaquah, Washington, 88027.

4.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.      The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the district.

7.      At all pertinent times, defendants acted by and through their agents, servants, ostensible agents and employees, all acting within the course and scope of their employment.

8.      Prior to November 14, 2011, defendant Champion Power Equipment manufactured, designed, sold, marketed and distributed the Champion Power Equipment portable electricity generator.

9.      Prior to November 14, 2011, defendant Costco Wholesale Corporation distributed and marketed and sold the aforementioned power generator.

10.     At some point prior to November 14, 2011, plaintiffs observed advertising material promoting the aforementioned power generator as a suitable and appropriate gasoline powered device for generating electrical energy.

11.     The aforementioned power generator is marketed as being safe for residential and commercial uses.

12.     At some point prior to November 14, 2011, plaintiffs purchased the aforementioned power generator from Costco Wholesale Corporation.

13.     On and before November 14, 2011, plaintiff Eugene Dykes was performing construction repairs and renovations at premises located 1716 S. 19th Street, Philadelphia.

14.     On November 14, 2011, plaintiffs were using the aforementioned power generator to provide temporary power to the premises at 1716 S. 19th Street, Philadelphia, PA, which were owned by plaintiffs.

15.     On or about November 14, 2011, the aforementioned generator ignited a fire that destroyed the plaintiffs' property at 1716 S. 19th Street, Philadelphia and burned plaintiff Latinia Dykes, causing her to sustain serious and permanent personal injuries.

16.     The aforementioned power generator lever was defectively designed and manufactured because it created a dangerous and serious fire hazard.

17.     The marketing and promotional materials and warnings and instructions for use for the aforementioned power generator are defective.

18.     Prior to plaintiffs' accident, defendants knew the power generator was hazardous and defective and was prone to cause fire.

19.     Defendants delayed in recalling their defective power generator after learning of its hazardous defects and propensity to cause fire.

20.     Plaintiff's injuries were caused by the negligence and carelessness of the defendants and the defects of the defendants' aforementioned power generator, and were caused in no part by any negligence on the part of the plaintiffs.

**COUNT I**

**PLAINTIFFS V. CHAMPION POWER EQUIPMENT, INC.**

**<u>NEGLIGENCE</u>**

21.     Plaintiffs incorporate by reference paragraphs 1 through 20 as if the same were set forth herein at length.

22.     Defendant Champion Power Equipment, Inc., by and through its agents, servants, employees and ostensible agents, was negligent and careless in the following respects:

 a. failing to convey to plaintiffs when they purchased the above named product adequate and proper instructions for use;

 b. failing to warn plaintiff of the risk of fire injury associated with using the aforementioned power generator;

 c. manufacturing, labeling, designing, marketing, distributing, supplying and selling the aforementioned power generator with inadequate and defective advertising, marketing, instructions for use, labeling and warnings;

 d. manufacturing, labeling, designing, marketing, distributing, supplying and selling the above two named generator with inadequate and defective warnings concerning the risk of fire injuries;

 e. manufacturing, designing, marketing, distributing and selling a defective aforementioned power generator that created an unreasonable risk of fire hazard;

 f. manufacturing, labeling, designing, marketing, distributing, supplying and selling the above aforementioned power generator with a dangerous and serious risk of fire injury;

 g. marketing, distributing, supplying and selling the aforementioned power generator with misleading and inaccurate advertising and promotional material that raised consumers' expectations as to the aforementioned power generator's safety; and

 h. Delaying in recalling the power generator after learning of its hazards and propensity to cause fire.

23.     Defendant's negligence caused plaintiff Latinia Dykes' personal injuries and plaintiffs' property damages.

24.     As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns, pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

25.     As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

26.     As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

27.     Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

28.     As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

29.     As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

30.     As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

31.     As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.

## COUNT II

### PLAINTIFFS V. CHAMPION POWER EQUIPMENT, INC.

### <u>STRICT LIABILITY (SECTION 402A)</u>

32.     Plaintiffs incorporate by reference paragraphs 1 through 31 as if the same were set forth herein at length.

33.     Defendant made, designed, marketed, sold and distributed the defectively manufactured and designed aforementioned power generator, which had defective warnings, instructions for use, and consumer safety features.

34.     Defendant's defective product caused plaintiff Latinia Dykes's injuries.

35.     Defendant's Aforementioned power generator was distributed and sold in a defective condition in violation of Restatement (Second) of Torts § 402(A).

36.     The product's defects were a cause of Latinia Dykes's injuries.

37.     As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns, pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

38.     As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

39.     As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

40.     Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

41.     As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

42.     As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

43.     As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

44.     As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.


## COUNT III

### PLAINTIFFS V. CHAMPION POWER EQUIPMENT, INC.

### <u>STRICT LIABILITY (SECTION 402B)</u>

45.     Plaintiffs incorporate by reference paragraphs 1 through 44 as if the same were set forth herein at length.

46.     Defendant designed, manufactured, distributed and sold its aforementioned power generator with defective warnings and instructions in violation of Restatement (Second) of Torts § 402(B).

47.     The defective warnings and instructions caused plaintiffs' injuries.

48.     As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns, pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

49.     As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

50.     As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

51.     Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

52.     As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

53.     As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

54.     As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

55.     As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.

.

**COUNT IV**

**PLAINTIFFS V. CHAMPION POWER EQUIPMENT, INC.**

**<u>BREACH OF WARRANTY</u>**

55.     Plaintiffs incorporate by reference paragraphs 1 through 54 as if the same were set forth herein at length.

56.     Defendant violated its implied and express warranties to plaintiff by designing, manufacturing, distributing and selling the defectively manufactured and/or designed aforementioned power generator containing defective warnings and instructions.

57.     Defendant's breach of its implied and express warranties was a cause of plaintiffs' harm.

58.     As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns,

pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

59.     As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

60.     As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

61.     Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

62.     As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

63.     As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

64.     As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

65.     As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.

## COUNT V

## PLAINTIFFS V. COSTCO WHOLESALE CORPORATION

## <u>NEGLIGENCE</u>

66.     Plaintiffs incorporate by reference paragraphs 1 through 67 as if the same were set forth herein at length.

67.     Defendant, by and through its agents, servants, employees and ostensible agents, was negligent and careless in the following respects:

   a.     failing to convey to plaintiff when he purchased the above named product adequate and proper instructions for use;

   b.     failing to warn plaintiff of the risk of back injury associated with using the Aforementioned power generator to lift heavy objects;

   c.     labeling, marketing, distributing, supplying and selling the Aforementioned power generator system with inadequate and defective advertising, marketing, instructions for use, labeling and warnings;

   d.     labeling, marketing, distributing, supplying and selling the above two named chemicals with inadequate and defective warnings concerning the risk of back inquiries;

e.   marketing, distributing and selling the Aforementioned power generator system with a defectively designed lever;

f.   labeling, marketing, distributing, supplying and selling the above Aforementioned power generator system with a dangerous and defective lever that put users at unreasonable risk of injury;

i.   marketing, distributing, supplying and selling the Aforementioned power generator with misleading and inaccurate advertising and promotional material that raised consumers' expectations as to the Aforementioned power generator system's capacity for lifting and moving heavy objects; and

j.   Delaying in recalling the power generator after learning of its hazards and propensity to cause fire.


68.   Defendant's negligence caused plaintiffs' injuries.

69.   As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns, pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

70.   As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

71.   As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

72.     Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

73.     As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

74.     As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

75.     As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

76.     As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.

## COUNT VI

## PLAINTIFFS V. COSTCO WHOLESALE CORPORATION

## STRICT LIABILITY (SECTION 402A)

77.     Plaintiffs incorporate by reference paragraphs 1 through 76 as if the same were set forth herein at length.

78.     Defendant marketed, sold and distributed the defectively manufactured and designed aforementioned power generator, which had defective warnings, instructions for use, and consumer safety features.

79.     Defendant's defective product caused plaintiffs' injuries.

80.     Defendant's aforementioned power generator was distributed and sold in a defective condition in violation of Restatement (Second) of Torts § 402(A).

81.     The product's defects were a cause of plaintiffs' injuries.

82.     As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns, pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

83.     As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

84.     As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

85.     Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

86.     As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

87.     As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

88.     As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

89.     As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.

## COUNT VII

## PLAINTIFFS V. COSTCO WHOLESALE CORPORATION

## STRICT LIABILITY (SECTION 402B)

90.     Plaintiffs incorporate by reference paragraphs 1 through 89 as if the same were set forth herein at length.

91.     Defendant distributed and sold its aforementioned power generator with defective warnings and instructions in violation of Restatement (Second) of Torts § 402(B).

92.     The defective warnings and instructions caused plaintiff's injuries.

93.     As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns, pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

94.     As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

95.     As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

96.     Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

97.     As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

98.     As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

99.     As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

100.    As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.

## COUNT VIII

## PLAINTIFFS V. COSTCO WHOLESALE CORPORATION

## <u>BREACH OF WARRANTY</u>

101.    Plaintiffs incorporate by reference paragraphs 1 through 101 as if the same were set forth herein at length.

102.    Defendant violated its implied and express warranties to plaintiff by distributing and selling the defectively manufactured and/or designed aforementioned power generator containing defective warnings and instructions.

103.    Defendant's breach of its implied and express warranties was a cause of plaintiffs' harm.

104.    As a result of the aforesaid accident, plaintiff Latinia Dykes suffered severe injuries, including, but not limited to injury to, second degree facial burns, pulmonary insult from smoke inhalation, contusions, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to his great loss and detriment.

105.    As a result of the aforesaid accident, plaintiff Latinia Dykes has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

106.    As a further result of the aforesaid accident, the plaintiff Latinia Dykes has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

107.    Further, by reason of the aforesaid accident, plaintiff Latinia Dykes has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

108.    As a further result of this accident plaintiff Latinia Dykes has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

109.    As a further result of this accident, plaintiff Latinia Dykes has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

110.    As a further result of the aforesaid accident, plaintiff Latinia Dykes has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

111.    As a result of the aforementioned accident, plaintiffs Latinia and Eugene Dykes have sustained property damage due to fire damage caused to their real and personal property at 1716 S. 19th Street and elsewhere.

WHEREFORE, plaintiffs demand judgment against defendant, jointly and severally, and request the Court award compensatory and punitive damages and any other relief that the Court deems just.

**COUNT XIII**

**PLAINTIFF EUGENE DYKES V. ALL DEFENDANTS**

**LOSS OF CONSORTIUM**

112.   Plaintiffs incorporate by reference paragraphs 1 through 111 as if the same were set forth herein at length.

113.   Eugene Dykes is the husband of Latinia Dykes.

114.   As a result of plaintiff Latinia Dykes bodily injuries and damages as aforesaid, plaintiff, Eugene Dykes, suffered a loss of consortium, society, love, companionship, comfort, affection, guidance and physical assistance.

WHEREFORE, plaintiff demands judgment against defendant, jointly and severally, and requests the Court award compensatory and punitive damages and any other relief that the Court deems just.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury with respect to all claims and facts to which the right to jury trial applies.

**Respectfully submitted,**

**SWARTZ CULLETON PC**

**BY:**   **//Christopher J. Culleton_____**
          **Attorneys for Plaintiff**

**Date:**

21