IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATINIA DYKES and<br>EUGENE DYKES, h/w,<br>    Plaintiffs,<br><br>    v.<br><br>CHAMPION POWER EQUIPMENT, INC.,<br>and COSTCO WHOLESALE<br>CORPORATION,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 13-3471 |

## ORDER

**AND NOW**, this 15th day of May, 2014, at the request of defendants, Champion Power Equipment, Inc., and Costco Wholesale Corporation, through counsel, to dismiss this action for failure of the plaintiffs, Latinia Dykes and Eugene Dykes, to comply with the Order of February 28, 2014,[1] and good cause appearing, **IT IS ORDERED** that the action of plaintiffs, Latinia Dykes and Eugene Dykes, against defendants, Champion Power Equipment, Inc., and Costco Wholesale Corporation, is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Order of February 28, 2014.

The dismissal of the action is based on the following:

1. On February 28, 2014, the Court held a Hearing on the Motion of Counsel for Plaintiffs to Withdraw Representation of Plaintiffs. The Court granted the Motion allowing counsel for plaintiffs to withdraw his representation;

---

[1] A copy of defense counsel's letter/request dated May 14, 2014, in which he requests dismissal of the action for failure of plaintiffs to comply with the Order of February 28, 2014, shall be docketed by the Deputy Clerk.

2. Plaintiff, Eugene Dykes, was present at the Hearing. Plaintiff, Latinia Dykes, was present in Court before the Hearing began but had to leave because of a medical emergency involving her son who was also present in Court;

3. By Order dated February 28, 2014, plaintiffs, Latinia Dykes and Eugene Dykes, were directed to proceed in their efforts to retain an attorney to represent both of them, or separate attorneys, and to advise the Court by letter to Chambers on or before April 22, 2014, regarding the name(s) and address(es) of the attorney(s) they retained. Any such attorney(s) retained by Latinia Dykes and Eugene Dykes were ordered to enter their appearance(s) on or before April 22, 2014. The Order went on the provide that if additional time was required to retain counsel, it must be requested by letter to Chambers on or before April 22, 2014;

4. The Order of February 28, 2014, also provided that in the event Latinia Dykes and/or Eugene Dykes decided that they wanted to proceed *pro se*, that is without an attorney, they must notify the Court by letter to Chambers on or before April 22, 2014;

5. The Order of February 28, 2014, further provided that the failure of plaintiffs, Latinia Dykes and Eugene Dykes, to comply with the Order ". . . will result in the dismissal of this action without prejudice and without any further notice to the said Eugene Dykes and Latinia Dykes";

6. Copies of the Order of February 28, 2014, were served on Latinia Dykes and Eugene Dykes at the addresses provided in open court on February 28, 2014;

7. Neither Latinia Dykes nor Eugene Dykes have complied with the Order of February 28, 2014. Specifically, they failed to retain counsel on or before April 22, 2014, they have not advised the Court that they intend to proceed without an attorney, and they have not requested additional time for doing so; and,

8.      The failure of Latinia Dykes and Eugene Dykes to cooperate with their attorney in proceeding with the case before the February 28, 2014 Hearing, and their failure to comply with the Order of February 28, 2014, warrants dismissal of the action without prejudice.

**BY THE COURT:**

*/s/ Jan E. DuBois*
**DuBOIS, JAN E., J.**